IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MERRICK JOSE MOORE,

    Plaintiff,

  v.

L. STEPP, et al.,

    Defendants.
_____/

No. C 11-5395 CW (PR)

ORDER OF SERVICE AND PARTIAL DISMISSAL; GRANTING MOTION TO SUPPLEMENT EXHIBITS

(Docket no. 4)

INTRODUCTION

    Plaintiff, a state prisoner currently incarcerated at Corcoran State Prison, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by correctional officers at Salinas Valley State Prison (SVSP), where he was incarcerated previously. His motion for leave to proceed in forma pauperis has been granted.

DISCUSSION

I.  Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must

allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff asserts two claims for relief, based on the following allegations: (1) on May 11, 2011, Defendants Correctional Sgt. L. Stepp and Correctional Officers J. DeAnzo and C. Gill used unlawful and excessive force against him, and Defendant Correctional Lt. T. Krenke failed to intervene to stop the use of force; and (2) Defendants Correctional Officers J. Crabtree, Spaulding, Franco, Vincent and Brown, Correctional Sgt. A. Meyer and Correctional Counselor Ramos thereafter harassed and retaliated against Plaintiff.

I. Excessive Force Claim

When Plaintiff's allegations are construed liberally, he states a cognizable claim against Stepp, DeAnzo, Gill and Krenke for the unlawful use of excessive force, in violation of the Eighth Amendment. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992)(Eighth Amendment is violated when force is applied maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (Eighth Amendment requires prison officials to intervene if other officers are violating prisoner's constitutional rights).

II. Harassment and Retaliation Claims

Plaintiff's claims of harassment and retaliation, set forth in

2

claim two of the complaint, see Compl. ¶¶ 26-35, cannot go forward because it is clear from the exhibits Plaintiff has submitted in support of the complaint that he did not exhaust his administrative remedies with respect to those claims before he filed this action.

The Prison Litigation Reform Act (PLRA) provides, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006). An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if he fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

Although exhaustion is an affirmative defense, the court may dismiss a complaint sua sponte for failure to exhaust if it is clear from the face of the complaint and attached exhibits that the plaintiff has not satisfied the exhaustion requirement. See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

This action was filed on November 8, 2011, and Plaintiff's Exhibit K shows that the Director's level decision addressing his appeal concerning the allegations set forth in claim two, log number SVSP 11-01545, was issued on December 29, 2011. Docket no. 4, Ex. K at 1-2.[1] Consequently, Plaintiff has filed a mixed

---

[1] Plaintiff's motion to supplement his complaint with Exhibits K and L is GRANTED.

3

complaint, i.e., a complaint with both exhausted and unexhausted claims.

The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. Jones v. Bock, 549 U.S. 199, 222-24 (2007) (rejecting "total exhaustion-dismissal" rule); Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) (same). Instead, the proper treatment of a mixed complaint will depend on the relatedness of the claims contained within. Lira, 427 F.3d at 1175. In particular, when a plaintiff's mixed complaint includes exhausted and unexhausted claims that are closely related and difficult to untangle, the complaint must be dismissed with leave to amend for the plaintiff to allege only fully exhausted claims. Id. at 1176. Here, the claims are not so closely related or difficult to entangle as to require Plaintiff to file an amended complaint. Accordingly, Plaintiff's claim two is DISMISSED without prejudice to raising this claim in a new and separate action.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion to supplement his complaint with Exhibits K and L is GRANTED.

2. Plaintiff's claim two is DISMISSED without prejudice, and Defendants Correctional Officers J. Crabtree, Spaulding, Franco, Vincent and Brown, Correctional Sgt. A. Meyer and Correctional Counselor Ramos are no longer parties to this action.

3. Plaintiff states a cognizable excessive force claim.
The Clerk of the Court shall mail a Notice of Lawsuit and

4

Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, <u>a copy of the complaint and all attachments thereto (docket no. 1), Plaintiff's Exhibits K and L (docket no. 4) and a copy of this Order to the following SVSP prison staff: Correctional Sgt. L Stepp, Correctional Officers J. DeAnzo and C. Gill, and Correctional Lt. T. Krenke.</u>

The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty days</u> from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before

5

Defendants have been personally served, the Answer shall be due <u>sixty days</u> from the date on which the request for waiver was sent or <u>twenty days</u> from the date the waiver form is filed, whichever is later.

    5.  Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

        a.  No later than <u>ninety days</u> from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

        b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty days</u> after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case,

6

>     the party who asked for summary judgment is entitled to
>     judgment as a matter of law, which will end your case.
>     When a party you are suing makes a motion for summary
>     judgment that is properly supported by declarations (or
>     other sworn testimony), you cannot simply rely on what
>     your complaint says.  Instead, you must set out specific
>     facts in declarations, depositions, answers to
>     interrogatories, or authenticated documents, as provided
>     in Rule 56(e), that contradict the facts shown in the
>     defendant's declarations and documents and show that
>     there is a genuine issue of material fact for trial.  If
>     you do not submit your own evidence in opposition,
>     summary judgment, if appropriate, may be entered against
>     you.  If summary judgment is granted [in favor of the
>     defendants], your case will be dismissed and there will
>     be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c.    Defendants shall file a reply brief no later than thirty days after the date Plaintiff's opposition is filed.

    d.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7

6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fifteen days</u> prior to the deadline sought to be extended.

This Order terminates Docket no. 4.

IT IS SO ORDERED.

DATED: 4/11/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE