1     IN THE UNITED STATES DISTRICT COURT

2     FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4   MERRICK JOSE MOORE,                    No. C 11-5395 CW (PR)

5              Plaintiff,                  ORDER DENYING LEAVE TO FILE
                                           AMENDED COMPLAINT; GRANTING
6        v.                                DEFENDANTS' REQUEST FOR
                                           EXTENSION OF TIME TO FILE
7   L. STEPP, et al.,                      DISPOSITIVE MOTION

8              Defendants.                 (Docket nos. 11 & 13)
    _____/
9

10        Plaintiff, a state prisoner currently incarcerated at

11   Corcoran State Prison, filed this pro se civil rights action

12   pursuant to 42 U.S.C. § 1983, alleging the violation of his

13   constitutional rights by correctional officers at Salinas Valley

14   State Prison (SVSP), where he was incarcerated previously.  His

15   motion for leave to proceed in forma pauperis has been granted.

16        After conducting an initial review of the complaint pursuant

17   to 28 U.S.C. § 1915A(a), the Court issued an order finding: 1)

18   that the complaint states a cognizable claim against Defendants

19   Stepp, DeAnzo, Gill and Krenke for the unlawful use of excessive

20   force, in violation of the Eighth Amendment, and 2) that

21   Plaintiff's claims of harassment and retaliation were unexhausted.

22   Accordingly, the Court ordered the excessive force claim served,

23   and dismissed the harassment and retaliation claims without

24   prejudice to raising them in a new and separate action once

25   administrative remedies have been exhausted as to those claims.

26   Order, filed Apr. 11, 2012.  On June 11, 2012, Plaintiff filed a

27   motion for leave to file an amended complaint that includes the

28   previously dismissed harassment and retaliation claims, because

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

those claims now are exhausted.

As the Court explained in its prior order, under the exhaustion requirement of the Prison Litigation Reform Act (PLRA), an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if he fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed). In Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010), the Ninth Circuit distinguished the proper dismissal of unexhausted claims raised in the original complaint from the improper dismissal of new claims raised in an amended complaint which were not exhausted when the original complaint was filed. Specifically, the Ninth Circuit held that the PLRA's exhaustion requirement was satisfied with respect to new but related claims asserted in a supplemental pleading that "arose after the initial complaint was filed" if the new claims were exhausted prior to the filing of the supplemental pleading. Id. at 1006-07.

The present case is distinguishable from Rhodes because Plaintiff is attempting to amend his complaint to bring the same harassment and retaliation claims that he brought in his original complaint, which the Court dismissed as unexhausted. Under such circumstances, the Court finds Plaintiff may not amend his complaint to add the now-exhausted harassment and retaliation claim; instead, he must pursue them in a new and separate action.

Accordingly, leave to file the amended complaint is DENIED.

Defendants have filed a request for an extension of time to and including October 15, 2012, to file a dispositive motion responding to Plaintiff's excessive force claim. Defendants' request is GRANTED.

In accordance with the briefing schedule set forth in the Court's order of service, Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty days</u> after the date on which Defendants' motion is filed.

Defendants <u>shall</u> file a reply brief no later than <u>thirty days</u> after the date Plaintiff's opposition is filed.

This Order terminates Docket nos. 11 and 13.

IT IS SO ORDERED.

DATED:   9/11/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE