IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MERRICK JOSE MOORE,                     C 11-05395 CW (PR)

      Plaintiff,                       ORDER DENYING
                                        DEFENDANT KRENKE'S
    v.                                  MOTION TO DISMISS

L. STEPP, et al.,                       (Docket No. 16)

      Defendants.

_____/

    Defendant Krenke moves to dismiss Plaintiff's excessive force claim against him on the ground that Plaintiff failed to exhaust administrative remedies with respect to that claim.  Plaintiff has opposed the motion and Krenke has filed a reply which was also opposed by Plaintiff.

    Having considered all the papers filed by the parties, the Court DENIES Krenke's motion to dismiss (Docket no. 16).

BACKGROUND

    Plaintiff, a state prisoner currently incarcerated at Corcoran State Prison, filed a <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by correctional officers at Salinas Valley State Prison (SVSP), where he was incarcerated previously.  Plaintiff's excessive force claim is based on the following allegations in his verified complaint.

    On May 11, 2011, Plaintiff asked to speak with Defendant Stepp concerning a cell move.  Stepp refused.  Thereafter, Stepp

and Defendant DeAnzo approached Plaintiff and ordered him to come towards them.  When Plaintiff did, Stepp berated him for asking about the cell move.  Plaintiff tried to explain the reasons for his request, at which point DeAnzo, at Stepp's direction, told him to cuff up and place his hands behind his back.  Compl. ¶¶ 17-19.

Once Plaintiff was handcuffed and being escorted by Stepp and DeAnzo, Stepp began to verbally harass him.  Plaintiff was slammed into the gate face first and DeAnzo choked him.  He was then "yanked" off of the gate and verbally harassed by Stepp and DeAnzo as they escorted him to the Health Annex.  Compl. ¶ 20.

Upon entering the Health Annex, Stepp and DeAnzo yelled at Plaintiff to stop resisting, slammed him against the window, causing injury to his shoulder, and slammed him on his hip, causing injury to his hip and back.  While Plaintiff was on the ground, Stepp placed his knee into Plaintiff's back, cutting off his ability to breathe, while DeAnzo repeatedly slammed his knee into Plaintiff's hip and lower back.  Defendant Gill then rammed her knee into Plaintiff's calf and grabbed his left ankle, bending it back and trying to break it.  Plaintiff, who was gasping for air, stated that he could not breathe.  Stepp responded to Plaintiff, "If you can talk, you can breathe."  Compl. ¶¶ 21-22.

Plaintiff was placed in a holding cell in leg irons and handcuffs for four hours.  He was removed from the holding cell at the direction of Krenke, DeAnzo and correctional officer B. Hooker, who is not a Defendant in this action.  As Plaintiff backed out of the cell while still in leg irons and handcuffs, he was slammed against the glass cell window and "forcefully stripped out" by the correctional officers, with Krenke's encouragement.

United States District Court
For the Northern District of California

Compl. ¶¶ 23-25.

Plaintiff claims that he was physically injured as a result of Defendants' use of force.

LEGAL STANDARD

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The PLRA exhaustion requirement is mandatory and not subject to the discretion of the court.  Booth v. Churner, 532 U.S. 731, 739 (2001).

The PLRA requires "proper exhaustion" of administrative remedies.  Woodford v. Ngo, 548 U.S. 81, 93 (2006).  State prison regulations define the contours of proper exhaustion.  Jones v. Bock, 549 U.S. 199, 218 (2007).  To exhaust all available administrative remedies, a prisoner in a California state prison must complete four levels of administrative review, concluding with a third level appeal filed with the director of the California Department of Corrections and Rehabilitation.  See Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th Cir. 2009).

Non-exhaustion is an affirmative defense which should be brought in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b).  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding such a motion, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at 1119-20.

DISCUSSION

Krenke argues that Plaintiff's excessive force claim against

United States District Court
For the Northern District of California

him is unexhausted because Plaintiff did not present the substance

of that claim in any administrative appeal.[1]  Specifically,

Plaintiff's claim that Krenke failed to intervene to stop the use

of force against him is based on his allegations that, after

Krenke ordered other officers to remove him from the holding cell,

he "was slammed against the glass window and forcefully stripped

out" while Krenke "cheered his subordinates on."  Compl. ¶ 25.

Krenke maintains, however, that Plaintiff alleged in his grievance

only that Krenke directed correctional officers DeAnzo and Hooker

to remove his clothes after the use of force by Stepp, DeAnzo and

Gill, and did not allege that Krenke witnessed any use of force or

that Plaintiff was injured as a result of having his clothes

removed.  Decl. J. Lozano Supp. Mot. to Dismiss (Lozano Decl.) Ex.

B (SVSP Appeal No. 11-01265 submitted by Plaintiff on May 29,

2011).

   The Ninth Circuit held in <u>Griffin v. Arpaio</u>, 557 F.3d 1117,

1120 (9th Cir. 2009), that "a grievance suffices if it alerts the

prison to the nature of the wrong for which redress is sought."

The court emphasized that the "primary purpose of a grievance is

to alert the prison to a problem and facilitate its resolution,

not to lay groundwork for litigation."  <u>Id.</u>

   Here, Plaintiff alleged the following in the relevant

grievance:

---

   [1] Defendants Stepp, Gill and DeAnzo also have been served and
appeared in this case, but they have not filed a motion to
dismiss.  Currently, ongoing discovery matters involving Plaintiff
and all Defendants are pending before Magistrate Judge Nandor
Vadas.

United States District Court
For the Northern District of California

On 5/11/2011 after an "excessive use of force" incident involving Sgt. L. Stepp, J. DeAnzo and C. Gill officer's [sic] DeAnzo and B. Hooker forcefully stripped me out while my hands were cuffed behind my back. This was done at the behest of Lt. T. Krenke in B Facility Health Annex.

Lozano Decl. Ex. B at 3, 5.

The Court finds that these allegations, specifically, that Krenke directed other officers to strip Plaintiff "forcefully" while his hands were cuffed, sufficed to alert prison officials to Krenke's potential liability for failing to intervene to stop the use of excessive force, as Plaintiff claims in this case. Moreover, Plaintiff fully exhausted this claim because he pursued his appeal through the final level of review. See Lozano Decl. Ex. B at 1-2.

Accordingly, Krenke's motion to dismiss the excessive force claim against him as unexhausted is DENIED.

This Order terminates Docket no. 16.

IT IS SO ORDERED.

Dated:  8/15/2013

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California