IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE,<br><br>    Plaintiff,<br><br>  v.<br><br>L. STEPP, et al.,<br><br>    Defendants.<br>_____/ | C 11-05395 CW (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND ORDER FOR DEFENDANTS TO RESPOND TO PLAINTIFF'S DISCOVERY MOTIONS<br><br>Docket Nos. 55, 63, 64 |

INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Corcoran State Prison (CSP), filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by correctional officers at Salinas Valley State Prison (SVSP), where he was incarcerated previously.

On July 5, 2013, Plaintiff moved for a protective order claiming that staff at CSP were retaliating against him for filing this complaint against Defendants. The matter was referred to Magistrate Judge Nandor Vadas who, on July 26, 2013, denied the motion on the ground that the individuals Plaintiff named in his motion were not Defendants in this action and, thus, the Court lacked jurisdiction to issue a protective order. See Doc. no. 54.

On August 2, 2013, Plaintiff moved to extend the discovery cut-off date in this case, on September 13, 2013, he moved for appointment of counsel and, on September 20, 2013, he moved to compel discovery. Defendants have not responded to Plaintiff's

August 2nd motion to extend the discovery cut-off date, although the time to file an opposition has passed. Having read the papers filed by Plaintiff, the Court denies his motion for appointment of counsel and orders Defendants to respond to Plaintiff's discovery motions.

## DISCUSSION

I. Motion to Appoint Counsel

Plaintiff argues that he requires representation by counsel because the issues in this case are complex and require significant research and investigation. He also argues that a trial will likely involve conflicting testimony and counsel would be better prepared to cross-examine witnesses and present evidence.

The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn on other grounds, 154 F.3d 952 (9th Cir. 1998).

2

Plaintiff is capable of presenting his claims effectively, and the issues, at least at this stage, are not complex. If the circumstances of this case materially change, this decision will be reconsidered by the Court on its own motion. Therefore, the motion to appoint counsel is DENIED.

II. Discovery Motions

In his motion to extend the discovery cut-off date, Plaintiff appears to be objecting to the Magistrate Judge's denial of a protective order as well as requesting an extension of the discovery cut-off date. To the extent that this is an objection to the Magistrate Judge's ruling, it is DENIED. A court cannot issue orders against individuals over whom it has no jurisdiction. If Plaintiff believes that prison officers are committing constitutional violations against him, he has the right to file a separate lawsuit against them for those violations.

Turning to Plaintiff's discovery motions, Defendants are ordered to respond to them. In Plaintiff's September 20, 2013 motion to compel discovery, he submits ten requests for production of documents that he states he sent to Defendants on July 7, 2013, but that Defendants have not responded. It appears that some of the documents requested may be such that would be produced in the ordinary course of discovery.

CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Plaintiff's Motion to Appoint Counsel is Denied. Doc. no. 63.

2. Plaintiff's objection to the Magistrate's Judge's Order is denied. Doc. no. 64.

3

3. Defendants are ordered to respond to Plaintiff's discovery motions within two weeks from the date of this Order.  Plaintiff may file a reply within two weeks thereafter.

4. The date for Plaintiff's opposition to Defendants' summary judgment motion is VACATED.  The Court will issue a new schedule for the opposition and reply when the discovery motions are resolved.

5. This Order terminates Docket no. 63.

IT IS SO ORDERED.

Dated: 10/2/2013

CLAUDIA WILKEN
United States District Judge