1

2                    IN THE UNITED STATES DISTRICT COURT

3                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

5    MERRICK JOSE MOORE,                    C 11-05395 CW (PR)

6            Plaintiff,                     ORDER GRANTING
                                            PLAINTIFF'S MOTIONS TO
7       v.                                  EXTEND DISCOVERY CUT-
                                            OFF AND TO EXTEND TIME
8    L. STEPP, et al.,                      TO FILE OPPOSITION TO
                                            SUMMARY JUDGMENT MOTION
9            Defendants.                    AND DENYING PLAINTIFF'S
                                            MOTIONS TO COMPEL
10                                          DISCOVERY AND TO
                                            APPOINT EXPERT
11   _____/
                                            Docket Nos. 55, 64, 76,
12                                          77

13                              INTRODUCTION

14        Plaintiff, a state prisoner currently incarcerated at

15   Corcoran State Prison (CSP), filed a pro se civil rights action

16   pursuant to 42 U.S.C. § 1983, alleging constitutional violations

17   by correctional officers at Salinas Valley State Prison (SVSP),

18   where he was previously incarcerated, arising from an incident

19   involving excessive force.

20        On August 2, 2013, Plaintiff moved to extend the discovery

21   cut-off date in this case and, on September 20, 2013, he moved to

22   compel discovery.  Doc. nos. 55, 64.  On September 24, 2013,

23   without responding to Plaintiff's discovery motions, Defendants

24   filed a motion for summary judgment.  Doc. no. 65.  On October 2,

25   2013, the Court ordered Defendants to respond to Plaintiff's

26   discovery motions and they have done so.  Doc. nos. 75, 78.  On

27   October 15, 2013, Plaintiff filed motions for an extension of time

28   to file his opposition to Defendants' summary judgment motion and

United States District Court
For the Northern District of California

for appointment of an expert.  Doc. nos. 76, 77.  For the reasons
stated below, the Court grants the motion to extend the discovery
cut-off date and the motion to extend time for Plaintiff to file
his opposition and denies the motions to compel discovery and to
appoint an expert.

DISCUSSION

I.   Discovery Motions

In Plaintiff's August 2, 2013 motion to extend discovery, he
argues that he needs additional time for discovery due to lack of
access to the law library and interference with his incoming and
outgoing mail pertaining to discovery.  In Plaintiff's September
20, 2013 motion to compel discovery, he states that, on July 7,
2013, he sent Defendants a written request for the production of
documents and, on July 30, 2013, he sent them interrogatories, but
they did not respond.  In Plaintiff's October 15, 2013 motion for
an extension of time to oppose Defendants' summary judgment
motion, he argues that he needs more time because Defendants have
not provided him with any discovery.

Defendants first oppose Plaintiff's discovery motions on the
grounds that they are untimely.  They indicate that they did not
respond to Plaintiff's July 7, 2013 request for production of
documents because, under Federal Rule of Civil Procedure 34, their
response was due on August 9, 2013, which was past the discovery
cut-off date of August 1, 2013.  They argue that Plaintiff has not
provided any valid basis for not completing discovery during the
fourteen-month discovery period.  They also argue that Plaintiff
did not meet and confer with them about a possible extension of
the discovery deadline before he filed his motion.

United States District Court
For the Northern District of California

        In its May 1, 2013 Order addressing Plaintiff's previous
discovery motions, the Court wrote:

> Plaintiff moves for a court order to depose Defendants
> and for the production of documents.  The accommodation
> of Plaintiff's right to discovery does not require a
> court order.  Pursuant to the Federal Rules of Civil
> Procedure, he may use interrogatories, a request for
> admissions, a request for production of documents, or
> written depositions to obtain discovery from Defendants.
>
> The district court generally is not involved in the
> discovery process and only becomes involved when there
> is a dispute between the parties about discovery
> responses, which normally are exchanged between the
> parties without any copy sent to the court.  See Fed. R.
> Civ. P. 5(d).  Before filing any motion to compel
> discovery, the parties must make a good faith effort to
> meet and confer to attempt to resolve any discovery
> dispute, as is required by Civil Local Rule 37-1.  When
> a party is incarcerated, the parties may meet and confer
> via written communication.

Docket no. 33 at 13-14.

        Defendants' untimeliness argument is unpersuasive.  Contrary
to Defendants' assertion, Plaintiff has provided a basis for the
late filing of his discovery requests.  The docket is replete with
Plaintiff's motions and declarations indicating that he has had
difficulty obtaining access to the law library and has experienced
interference with his legal mail and legal documents.
Furthermore, Defendants' lack of response to Plaintiff's discovery
requests is not in accordance with the Court's May 1, 2013 Order.

        Defendants next argue that the discovery requests are not
relevant to Defendants or to the claims in this case.  They
indicate that Plaintiff's August 2, 2013 motion to extend the
discovery deadline pertains to events that took place during
Plaintiff's incarceration at CSP rather than the claims at issue
in this case which arise from a May 11, 2011 incident at SVSP.

Defendants are not required to provide discovery regarding events that are not at issue in this case. However, the Court notes that Plaintiff's request for production of documents, which he attaches to his motion to compel, pertains to the May 11, 2011 incident at SVSP and to the named Defendants. Some of Plaintiff's requests, such as copies of written statements or reports pertaining to the May 11, 2011 incident and medical reports of Plaintiff's physical condition after the incident, appear to be reasonable. Other requests, such as the production of the personnel files of certain Defendants, may be unreasonable.

Therefore, the Court grants Plaintiff's motions to extend the discovery deadline and to extend the time to oppose Defendants' motion for summary judgment. Because the Court has granted the motion to extend the discovery deadline, it DENIES without prejudice Plaintiff's motion to compel. Defendants now may respond to Plaintiff's discovery requests and provide him with discovery pertaining to the May 11, 2011 incident that would reasonably be provided in the ordinary course of discovery.

II. Motion to Appoint Expert

Plaintiff moves for appointment of an expert to interview SVSP doctors to determine the extent of Plaintiff's injuries after the alleged excessive force incident, to secure a video tape of interviews pertaining to the incident and to obtain other items that Plaintiff has requested in his discovery motions.

In light of the fact that the Court has granted Plaintiff's requests to extend discovery and has ordered Defendants to respond to Plaintiff's discovery requests, Plaintiff's motion to appoint an expert to obtain discovery is denied as unnecessary.

4

CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Plaintiff's motions to extend the discovery deadline and to extend the time for his opposition to the motion for summary judgment are GRANTED.  Doc. nos. 55, 76.

2. Plaintiff's motion to compel discovery is DENIED without prejudice.  Doc. no. 64.

3. Plaintiff's motion to appoint an expert is DENIED.  Doc. no. 77.

4. Defendants shall respond to Plaintiff's discovery requests pursuant to the Federal Rules of Civil Procedure and in accordance with this Order.  Defendants shall have twenty-one days from the date of this Order to respond to Plaintiff's discovery requests. Plaintiff shall have twenty-eight days from the receipt of discovery to file his opposition to the motion for summary judgment.

5. This Order terminates Docket nos. 55, 64, 76 and 77.

IT IS SO ORDERED.

Dated: 10/28/2013

CLAUDIA WILKEN
United States District Judge