IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE,<br><br>    Plaintiff,<br><br>  v.<br><br>L. STEPP, et al.,<br><br>    Defendants.<br>_____/ | C 11-05395 CW (PR)<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS TO EXTEND DISCOVERY CUT-OFF AND TO EXTEND TIME TO FILE OPPOSITION TO SUMMARY JUDGMENT MOTION AND DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY AND TO APPOINT EXPERT<br><br>Docket Nos. 55, 64, 76, 77 |

INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Corcoran State Prison (CSP), filed a <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983, alleging constitutional violations by correctional officers at Salinas Valley State Prison (SVSP), where he was previously incarcerated, arising from an incident involving excessive force.

On August 2, 2013, Plaintiff moved to extend the discovery cut-off date in this case and, on September 20, 2013, he moved to compel discovery. Doc. nos. 55, 64. On September 24, 2013, without responding to Plaintiff's discovery motions, Defendants filed a motion for summary judgment. Doc. no. 65. On October 2, 2013, the Court ordered Defendants to respond to Plaintiff's discovery motions and they have done so. Doc. nos. 75, 78. On October 15, 2013, Plaintiff filed motions for an extension of time to file his opposition to Defendants' summary judgment motion and

for appointment of an expert. Doc. nos. 76, 77. For the reasons stated below, the Court grants the motion to extend the discovery cut-off date and the motion to extend time for Plaintiff to file his opposition and denies the motions to compel discovery and to appoint an expert.

## DISCUSSION

I.  Discovery Motions

In Plaintiff's August 2, 2013 motion to extend discovery, he argues that he needs additional time for discovery due to lack of access to the law library and interference with his incoming and outgoing mail pertaining to discovery. In Plaintiff's September 20, 2013 motion to compel discovery, he states that, on July 7, 2013, he sent Defendants a written request for the production of documents and, on July 30, 2013, he sent them interrogatories, but they did not respond. In Plaintiff's October 15, 2013 motion for an extension of time to oppose Defendants' summary judgment motion, he argues that he needs more time because Defendants have not provided him with any discovery.

Defendants first oppose Plaintiff's discovery motions on the grounds that they are untimely. They indicate that they did not respond to Plaintiff's July 7, 2013 request for production of documents because, under Federal Rule of Civil Procedure 34, their response was due on August 9, 2013, which was past the discovery cut-off date of August 1, 2013. They argue that Plaintiff has not provided any valid basis for not completing discovery during the fourteen-month discovery period. They also argue that Plaintiff did not meet and confer with them about a possible extension of the discovery deadline before he filed his motion.

2

In its May 1, 2013 Order addressing Plaintiff's previous discovery motions, the Court wrote:

> Plaintiff moves for a court order to depose Defendants and for the production of documents.  The accommodation of Plaintiff's right to discovery does not require a court order.  Pursuant to the Federal Rules of Civil Procedure, he may use interrogatories, a request for admissions, a request for production of documents, or written depositions to obtain discovery from Defendants.
>
> The district court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses, which normally are exchanged between the parties without any copy sent to the court.  See Fed. R. Civ. P. 5(d).  Before filing any motion to compel discovery, the parties must make a good faith effort to meet and confer to attempt to resolve any discovery dispute, as is required by Civil Local Rule 37-1.  When a party is incarcerated, the parties may meet and confer via written communication.

Docket no. 33 at 13-14.

Defendants' untimeliness argument is unpersuasive.  Contrary to Defendants' assertion, Plaintiff has provided a basis for the late filing of his discovery requests.  The docket is replete with Plaintiff's motions and declarations indicating that he has had difficulty obtaining access to the law library and has experienced interference with his legal mail and legal documents.  Furthermore, Defendants' lack of response to Plaintiff's discovery requests is not in accordance with the Court's May 1, 2013 Order.

Defendants next argue that the discovery requests are not relevant to Defendants or to the claims in this case.  They indicate that Plaintiff's August 2, 2013 motion to extend the discovery deadline pertains to events that took place during Plaintiff's incarceration at CSP rather than the claims at issue in this case which arise from a May 11, 2011 incident at SVSP.

3

Defendants are not required to provide discovery regarding events that are not at issue in this case. However, the Court notes that Plaintiff's request for production of documents, which he attaches to his motion to compel, pertains to the May 11, 2011 incident at SVSP and to the named Defendants. Some of Plaintiff's requests, such as copies of written statements or reports pertaining to the May 11, 2011 incident and medical reports of Plaintiff's physical condition after the incident, appear to be reasonable. Other requests, such as the production of the personnel files of certain Defendants, may be unreasonable.

Therefore, the Court grants Plaintiff's motions to extend the discovery deadline and to extend the time to oppose Defendants' motion for summary judgment. Because the Court has granted the motion to extend the discovery deadline, it DENIES without prejudice Plaintiff's motion to compel. Defendants now may respond to Plaintiff's discovery requests and provide him with discovery pertaining to the May 11, 2011 incident that would reasonably be provided in the ordinary course of discovery.

II. Motion to Appoint Expert

Plaintiff moves for appointment of an expert to interview SVSP doctors to determine the extent of Plaintiff's injuries after the alleged excessive force incident, to secure a video tape of interviews pertaining to the incident and to obtain other items that Plaintiff has requested in his discovery motions.

In light of the fact that the Court has granted Plaintiff's requests to extend discovery and has ordered Defendants to respond to Plaintiff's discovery requests, Plaintiff's motion to appoint an expert to obtain discovery is denied as unnecessary.

4

CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Plaintiff's motions to extend the discovery deadline and to extend the time for his opposition to the motion for summary judgment are GRANTED.  Doc. nos. 55, 76.

2. Plaintiff's motion to compel discovery is DENIED without prejudice.  Doc. no. 64.

3. Plaintiff's motion to appoint an expert is DENIED.  Doc. no. 77.

4. Defendants shall respond to Plaintiff's discovery requests pursuant to the Federal Rules of Civil Procedure and in accordance with this Order.  Defendants shall have <u>twenty-one days from the date of this Order</u> to respond to Plaintiff's discovery requests.  Plaintiff shall have <u>twenty-eight days from the receipt of discovery</u> to file his opposition to the motion for summary judgment.

5. This Order terminates Docket nos. 55, 64, 76 and 77.

IT IS SO ORDERED.

Dated: 10/28/2013

CLAUDIA WILKEN
United States District Judge