IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRICK JOSE MOORE, | C 11-05395 CW (PR) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS, GRANTING, IN PART, PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND SETTING BRIEFING SCHEDULE FOR SUMMARY JUDGMENT MOTION |
| v. | |
| L. STEPP, et al., | |
| Defendants. | |
| _____/ | Docket Nos. 81 & 84 |

INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Corcoran State Prison (CSP), filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by correctional officers at Salinas Valley State Prison (SVSP), where he was incarcerated previously. Specifically, Plaintiff alleges that, on May 11, 2011, Defendants used excessive force against him. Defendants have filed a motion for summary judgment. On October 28, 2013, the Court issued an Order granting Plaintiff's motion to extend the discovery cut-off date, extending his time to file an opposition to Defendants' summary judgment motion and denying without prejudice his motion

to compel discovery. See Doc. no. 80. The Court ordered Defendants to respond to Plaintiff's discovery requests within twenty-one days of the date of the Order. Because the Order was filed on October 28, 2013, Defendants had until November 18, 2013 to respond.

On November 6, 2013, Plaintiff filed the instant motion for sanctions on the ground that Defendants had not responded to his discovery requests. Defendants have filed an opposition to this motion. On December 11, 2013, Plaintiff filed a renewed motion to compel discovery. Defendants have not filed an opposition.

DISCUSSION

I. Motion for Sanctions

Under Federal Rule of Civil Procedure 37, a court may sanction a party that fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2).

As stated above, Defendants had until November 18, 2013 to comply with the Court's order for them to respond to Plaintiff's discovery requests. Plaintiff filed this motion for sanctions on November 6, 2013. Therefore, at the time Plaintiff filed this motion, Defendants had over one week to comply with the Court's discovery order. Accordingly, Plaintiff's motion for sanctions is DENIED.

II. Motion to Compel Discovery

In this motion, Plaintiff again asserts that Defendants have not complied with his discovery requests. In reviewing the submissions of the parties, the Court notes that, for the most part, the items Plaintiff asserts he has not received are:

2

(1) documents relating to prior acts of misconduct by Defendants, including external and internal investigations conducted against them and the outcome of the investigations; (2) log books that show the comings and goings of correctional officers on December 11, 2011; and (3) a video-tape of Plaintiff's interview which was part of the investigation of his allegations of excessive force.

On November 18, 2013, Defendants responded to Plaintiff's First Set of Requests for Production of Documents and provided many of the items Plaintiff requested. Papan Dec. at ¶ 2. In their response to Plaintiff's request,[1] Defendants indicate that they will not provide the above-noted items for the following reasons: (1) they will not produce Defendants' personnel files because: (a) the files contain confidential information, (b) Defendants have informed Plaintiff that they searched their official records and found that no named Defendant has been officially disciplined for using excessive force, and (c) they do not believe this information is relevant to the May 11, 2011 excessive force incident; (2) they will not produce log books Plaintiff requests because Plaintiff has received a copy of the incident report which shows the staff on duty during the time and at the place the excessive force incident occurred and the comings and goings of other officers at other times are not relevant; and (3) they arranged a time and place for Plaintiff to view the video-tape of his interview, but he refused to view it.

---

[1] Plaintiff submits this document in support of his motion to compel.

3

The Court accepts Defendants' responses regarding items one and two. However, there is a dispute regarding whether Defendants made arrangements for Plaintiff to view the video-tape of his interview because he denies that they did so. Because Defendants do not dispute that the video-tape is relevant and because all parties agree that Plaintiff has not seen it, the Court orders that Defendants make arrangements for Plaintiff to view the video-tape. Within two weeks from the date of this Order, Defendants are to file with the Court documentary evidence showing that they have made such arrangements. If, after viewing the video-tape, Plaintiff believes it constitutes evidence that supports his opposition, he may request that Defendants submit it to the Court so the Court may view it.

Accordingly, the Court grants Plaintiff's motion to compel, in part, and denies it, in part.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Plaintiff's motion for sanctions is DENIED. (Doc. no. 81).

2. Plaintiff's motion to compel discovery is granted, in part, and denied, in part. (Doc. no. 84).

3. Within two weeks from the date of this Order, Defendants are to file with this Court evidence that they have made arrangements for Plaintiff to view the video-tape of his interview about the December 11, 2011 excessive force incident. Plaintiff must be able to view the video-tape within four weeks from the date of this Order. Defendants are to notify the Court the date Plaintiff views the video-tape. After viewing the video-tape,

4

Plaintiff may request that Defendants submit it to the Court as evidence in this case.

If Defendants fail to make such arrangements, within two weeks from the date of this Order, they shall file a declaration with the Court indicating the reasons for their failure to do so.

If Plaintiff is given an opportunity to view the video-tape but declines to do so, within three weeks from the date of this Order, he may file a declaration explaining his reasons for declining to view it.  However, under such circumstances, the pending motion may be decided without his viewing the video-tape.

4. Within twenty-eight days from the date Plaintiff views the video-tape, his opposition to Defendants' motion for summary judgment is due.  If Plaintiff declines to view the video-tape and he files a declaration explaining his reasons for doing so, his opposition is due twenty-eight days after he files his declaration.

5. Defendants' reply is due two weeks after receipt of Plaintiff's opposition.

6. This Order terminates docket numbers 81 and 84.

IT IS SO ORDERED.

Dated: 1/13/2014

CLAUDIA WILKEN
United States District Judge