**United States District Court**
For the Northern District of California

1

2                IN THE UNITED STATES DISTRICT COURT

3              FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

MERRICK JOSE MOORE,                    C 11-05395 CW (PR)

5          Plaintiff,                   ORDER DENYING
6                                       PLAINTIFF'S MOTION
     v.                                 FOR RECONSIDERATION
7
L. STEPP, et al.,                      Docket No. 92
8
           Defendants.
9
   _____/
10

11

12      Plaintiff, a state prisoner currently incarcerated at High

13  Desert State Prison (HDSP), filed a <u>pro se</u> civil rights action

14  pursuant to 42 U.S.C. § 1983, alleging the violation of his

15  constitutional rights by correctional officers at Salinas Valley

16  State Prison (SVSP), where he was incarcerated previously.

17  Specifically, Plaintiff alleges that, on May 11, 2011, Defendants

18  used excessive force against him.  Defendants have filed a motion

19  for summary judgment.  On January 13, 2014, this Court issued an

    Order Denying Plaintiff's Motion for Sanctions, Granting, in Part,
20
    Plaintiff's Motion to Compel Discovery and Setting a Briefing
21
    Schedule for Summary Judgment Motion.  <u>See</u> Doc. no. 88.  On
22
    January 29, 2014, Plaintiff filed the instant Objection to the
23
    Order for Sanctions and for Reconsideration.  <u>See</u> Doc. no. 92.
24
        A party may file a motion for reconsideration only after
25
    obtaining leave to do so from the Court.  Civil L.R. 7-9(a).
26
    Reconsideration should be granted only where there has been an
27
    intervening change of law or fact, new evidence or authority not
28

previously available in the exercise of reasonable diligence has been discovered, or a manifest failure by the district court to consider material facts or legal arguments presented before the Court issued the challenged order.  Civil L.R. 7-9(b); School Dist. No. 1J, Multnomah Co. v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); Civil L.R. 7-9(b).  Parties to an action may not relitigate issues previously decided in a case absent a compelling reason for reconsideration.  Civil L.R. 7-9(c).

In his motion for reconsideration, Plaintiff submits the arguments he made in his previous motions.  Because a motion for reconsideration is not the forum for relitigating previous arguments, his motion is denied.  See Civil L.R. 7-9(c).

Plaintiff also requests that Defendants submit the video tape of his interview to the Court.  The Court grants this request and orders Defendants to submit the tape to the Court.

Plaintiff also requests that the Court order "the institution to produce his legal materials so that he may respond to Defendants' motion for summary judgment."  The Court has no jurisdiction over HDSP or its employees.  However, the Court orders the Clerk to mail this Order to the Litigation Coordinator at HDSP and requests that the Litigation Coordinator ensure that Plaintiff receives his legal materials so that he may oppose Defendants' motion for summary judgment.

Plaintiff also requests an extension of time to file his opposition, until he receives his property.  As set forth in the Court's previous Order, Plaintiff's opposition is due twenty-eight days from the date he viewed the video tape of his interview. Plaintiff indicates that he viewed the video tape on January 14,

2014.  Therefore, his opposition is due on February 11, 2014.  It seems unlikely that Plaintiff will be able to meet this deadline. Therefore, Plaintiff's request for an extension of time is granted.  Plaintiff is granted twenty-eight additional days in which to file his opposition.  The opposition is now due on March 11, 2014.

CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Plaintiff's objection and motion for reconsideration are DENIED.  (Doc. no. 92).

2. Within fourteen days from the date of this Order, Defendants shall submit the video tape of Plaintiff's interview for the Court to consider in ruling on the motion for summary judgment.

3. Plaintiff's opposition to the motion for summary judgment is due on March 11, 2014.  Defendants' reply is due two weeks thereafter.

4. The Clerk of the Court shall mail this Order to the Litigation Coordinator at HDSP who is requested to ensure that Plaintiff receive his legal materials in order to respond to Defendants' motion for summary judgment.

5. This Order terminates docket numbers 92.

IT IS SO ORDERED.

Dated: 2/3/2014

CLAUDIA WILKEN
United States District Judge